IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GERY LIVINGSTON GROSS, ) | |
| ) | |
| Plaintiff, pro se, ) | |
| ) | |
| ) | NO. 3:04-0230 |
| ) | JUDGE HAYNES |
| USAA CORPORATION, USAA PROPERTY ) | |
| AND CASUALTY INSURANCE GROUP, ) | |
| and USAA BANK, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM

Plaintiff, Gery Livingston Gross, filed this pro se action under 28 U.S.C. §§ 1331, the federal jurisdiction statute and 28 U.S.C. § 1332, the federal diversity statute against the Defendants United Services Automobile Association ("USAA") and USAA Federal Savings Bank, ("USAAB"). Plaintiff asserts claims under federal criminal statutes and his insurance contract. Plaintiff's claims arise out of a dispute about the valuation of Plaintiff's vehicle that was completely destroyed on Interstate 24 in Nashville in an accident. After a valuation and repair estimate, USAA made "a total loss determination . . . and sent a draft from USAA Bank (as lien holder) in the amount of $15,327" (Complaint ¶ 4). Plaintiff had applied for an automobile loan from the USAA Bank in San Antonio. Plaintiff's claim is that the Defendants' acts were fraudulent and/or wrongful.

Before the Court is the Defendants' motion to dismiss (Docket Entry No. 12) contending that this Court's lacks diversity jurisdiction and that the federal criminal statutes, upon which Plaintiff relies for his claims have been held not to create private rights of action.

In his complaint, Plaintiff asserts six claims under different federal statutes that Defendants allegedly violated. In Thompson v. Thompson, 484 U.S. 174, 179 (1988), the Supreme

Court held that "unless the legislative intent can be inferred from the language of the statute or some other source, a private remedy will not be implied." (quoting Northwest Airlines v. Transport Workers, 451 U.S. 77, 94 (1891).

Plaintiff's first claim is based upon 18 U.S.C. § 1033 that defines "crimes by or affecting persons engaged in the business of insurance whose activities affect interstate commerce." Section 1033 was an amendment to the "Violent Crime Control and Law Enforcement Act of 1994," that permits the Attorney General to . . . [to] bring a civil action for offenses under Section 1033. 18 U.S.C. § 1034(a). Given this plain language, the Court applies Thompson to conclude that Congress did not create a private right of action under Section 1033.

The second claim is based upon 18 U.S.C. § 1702 that proscribes "obstruction of correspondence." In United States ex rel. Pope v. Hendricks, 326 F.Supp. 699, 701 (E.D. Pa. 1971) the district court holds that ("[i]t is clear that this section of the Code is a criminal section designed to serve as authority for action by a United States Attorney and does not give rise to a cause of action for personal injuries". Accord Hill v. Sands, 403 F.Supp. 1368, 1371 (D. Ill. 1975).

The third claim is based upon 18 U.S.C. § 514 that applies to "fictitious obligations." There is not any language in § 514 for a private action. Under Thompson, the Court concludes that Congress did not intend to create a private action.

Plaintiff's fourth claim is based upon 18U.S.C. § 1341 for "frauds and swindles," but the Sixth Circuit held that the statute does not create a "private cause of action." Ryan v. Ohio Edison Co., 611 F.2d 1170, 1177-78 (6th Cir. Ohio 1979).

The fifth claim is based upon 18 U.S.C. § 1344 "bank fraud." The provisions of 18 U.S.C. § 1344 have been held not to create a private right of action. In Park Nat'l Bank of Chicago v. Michael Oil Co., 702 F. Supp. 703, 704 (D. Ill. 1989). ("Sections 1014 and 1344 expressly provide for criminal penalties. Neither statute, however, specifically provides for a private right of action for

2

a federally chartered bank. Nor does this court find from the legislative history congressional intent to create a private remedy under Section 1344.") This claim is not actionable.

Plaintiff's final federal law claim is under 18 U.S.C. § 1956 for "laundering of monetary instruments." Federal courts have dismissed claims under this statute for private civil recovery. See Barrett v. City of Allentown, 152 F.R.D. 50, 55 (E.D. Pa 1993).

It is the Plaintiff's burden to meet the pleading requirements necessary to establish the Court's jurisdiction. Gibbs v. Buck, 307 U.S. 66, 71 (1939). For of Plaintiff's state law insurance contract claim, there must be a complete diversity of citizenship among the parties. Complete diversity of the parties is required for diversity jurisdiction under 28 U.S.C. § 1332. Rossum v. Kilgore Corp., 692 F.Supp. 796, 798 (W.D. Tenn. 1988). An unincorporated association has long been considered a "citizen of each and every state in which it has members." Baer v. United Services Automobile Association, 503 F.2d 393, 395 (2nd Cir. 1974). See also Chapman v. Barney, 129 U.S. 677, 682 (1889). Thus, Plaintiff and USAA are Tennessee citizens and complete diversity of citizenship is not established to invoke this Court's diversity jurisdiction.

For the reasons stated above, the Court concludes that the Court lacks diversity jurisdiction and Plaintiff's complaint fails to state claims upon which relief can be granted for his asserted federal claim. Therefore, the Defendant's motion to dismiss (Docket Entry No.12) should be granted.

An appropriate Order is filed herewith.

ENTERED this the 12th day of October, 2005.

WILLIAM J. HAYNES, JR.
United States District Judge